JOSEPH JOHN DIPIERRI, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Di Pierri v. Commissioner
Docket No. 11749-83.
United States Tax Court
T.C. Memo 1984-498; 1984 Tax Ct. Memo LEXIS 172; 48 T.C.M. (CCH) 1156; T.C.M. (RIA) 84498; September 18, 1984. Joseph John DiPierri, pro se. David Goldberg, for the respondent. GUSSIS MEMORANDUM FINDINGS OF FACT AND OPINION GUSSIS, Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis for consideration and ruling pursuant to the provisions of section 7456(c) and (d) *173 [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined (1) a deficiency in petitioner's Federal income tax for the taxable year 1981 in the amount of $1,566.59; (2) additions to tax under section 6653(a)(1) in the amount of $78.33; and (3) additions to tax under section 6653(a)(2) of 50 percent of the interest due on the underpayment of $1,556.59 due to negligence. The issues are whether petitioner is entitled to a charitable contribution deduction under section 170 for amounts purportedly paid to the Universal Life Church of Modesto, California and whether petitioner is liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2). Petitioner was a resident of Brooklyn, New York at the time the petition herein was filed. During the year 1981 petitioner was employed by the New York Telephone Company as a technician. Petitioner claimed a charitable contribution deduction on his 1981 tax return for purported contributions to the Universal Life Church in the amount of $4,060 which was disallowed by the respondent. Petitioner has *174 the burden of proving that he is entitled to a deduction for a charitable contribution under section 170. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Section 170(a)(1) explicitly provides that a charitable contribution shall be allowable as a deduction only if verified under the prescribed regulations. The regulations provide that the district director may require statements from donee organizations to corroborate claimed contributions. Section 1.170A-1(a)(2)(iii), Income Tax Regs. Here, petitioner claims that the contributions "wound up" with the Universal Life Church of Modesto, California.He testified vaguely that the donations were made in cash at various gatherings and that eventually he would get receipts back from the Universal Life Churchof Modesto.[2] The Court ruled that such receipts, together with an annual receipt of contributions from Modesto, were inadmissable hearsay insofar as they purport to establish the truth of the contents contained therein. See Mustain v. Commissioner,T.C. Memo. 1982-670. On this record, petitioner has completely failed to meet his burden of showing *175 that he made any contributions to the Universal Life Church of Modesto within the meaning of section 170. Moreover, in the absence of any reliable evidence that petitioner relinquished dominion and control over the purported cash contributions, an essential prerequisite of a "charitable contribution" within the meaning of the statute is lacking. See Davis v. Commissioner,81 T.C. 806, 817 (1983). We hold therefore that petitioner is not entitled to a deduction under section 170 for the purported donations to the Universal Life Church of Modesto in 1981. [3]
Section 6653(a)(1) imposes an addition to tax if any part of the underpayment of tax is due to negligence or intentional disregard of rules and regulations. This Court has repeatedly sustained the addition to tax under section 6653(a)(1) in *176 cases involving efforts of this nature to create deductions through purported charitable contributions to a "church" See Davis v. Commissioner,supra, at 820. We are satisfied on the basis of this record that the additions to tax under section 6653(a)(1) is fully justified and should be sustained. We also find on the basis of the record that the underpayment of tax in the amount of $1,566.59 is due to negligence. Consequently, respondent's claim for an addition tax under section 6653(a)(2) based on that amount is sustained. We must next decide whether damages should be awarded to the United States under section 6673. As applicable here, section 6673 provides that "[w]henever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision." We have considered the particular record in this case and, exercising our discretion, we have determined that damages pursuant to section 6673 will not be *177 awarded in these proceedings. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. The alleged receipts show purported contributions over a four-month period in amounts ranging from $200 to approximately $2,000 and bear the signatures of "trustees" of the Universal Life Church of Modesto, California. ↩
3. We should also note that the Internal Revenue Service has recently withdrawn the tax-exempt status of the Universal Life Church of Modesto.↩